**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY D. JUSTICE, II,      : | |
|      : | Case No. _____ |
|     Plaintiff,      : | |
|      : | <u>JURY TRIAL DEMANDED</u> |
|     v.      : | |
|      : | **COMPLAINT FOR VIOLATION OF THE** |
| ZOGENIX, INC., CAM L. GARNER, LOUIS  : | **SECURITIES EXCHANGE ACT OF 1934** |
| C. BOCK, JAMES B. BREITMEYER,      : | |
| STEPHEN FARR, CAROLINE M. LOEWY,  : | |
| ERLE T. MAST, MARY E. STUTTS,     : | |
| RENEE TANNENBAUM, and DENELLE J.  : | |
| WAYNICK,      : | |
|      : | |
|     Defendants.      : | |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1.     On January 18, 2022, Zogenix, Inc. ("Zogenix" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with UCB S.A. ("Parent") and Zinc Merger Sub, Inc. ("Purchaser") (the "Proposed Merger").

2.     Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Zogenix's outstanding common stock for $26.00 in cash per share. The Tender Offer is scheduled to expire on March 2, 2022.

3.     On February 1, 2022, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4.     As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 15 U.S.C. § 78aa because the Recommendation Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District.  *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8.     Plaintiff is and has been continuously throughout all relevant times the owner of Zogenix common stock.  Plaintiff resides in this District.

9.     Defendant Zogenix is a Delaware corporation.  Zogenix's common stock is traded on the NASDAQ under the ticker symbol "ZGNX."

10.    Defendant Cam L. Garner is Chairman of the Board of Directors of Zogenix (the "Board").

11.    Defendant Louis C. Bock is a member of the Board.

12.     Defendant James B. Breitmeyer is a member of the Board.

13.     Defendant Stephen Farr is a member of the Board.

14.     Defendant Caroline M. Lowey is a member of the Board.

15.     Defendant Erle T. Mast is a member of the Board.

16.     Defendant Mary E. Stutts is a member of the Board.

17.     Defendant Renee Tannenbaum is a member of the Board.

18.     Defendant Denelle J. Waynick is a member of the Board.

19.     Defendant Mark Wiggins is a member of the Board.

20.     Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

21.     Zogenix is a global biopharmaceutical company committed to developing and commercializing therapies with the potential to transform the lives of patients and their families living with rare diseases.

22.     On January 18, 2022, Zogenix entered into the Merger Agreement.

23.     The press release announcing the Proposed Merger provides as follows:

UCB (Euronext: UCB) and Zogenix (NASDAQ: ZGNX) announced today that the companies have entered into a definitive agreement under which UCB would acquire Zogenix, Inc., a global biopharmaceutical company commercializing and developing therapies for rare diseases. Under the terms of the agreement, UCB will commence a tender offer to purchase all outstanding shares of Zogenix for a purchase price per share of US$ 26.00 in cash at closing, plus a contingent value right (CVR) for a potential cash payment of US$ 2.00 upon EU approval by December 31, 2023, of FINTEPLA® as an orphan medicine for treatment of Lennox-Gastaut syndrome (LGS). The upfront consideration represents a 72% premium to Zogenix shares based on the 30-day volume weighted average closing stock price of Zogenix prior to signing. The total transaction is valued at up to approximately US$ 1.9 billion / € 1.7 billion.

The board of directors of both companies have unanimously approved the transaction, the closing of which remains subject to the tender of shares representing at least a majority of the total number of Zogenix's outstanding shares, receipt of required antitrust clearances, and other customary conditions. []

Transaction Terms, Approvals and Time to Closing

Under the terms of the acquisition agreement, UCB, through a wholly-owned subsidiary, Zinc Merger Sub, Inc., will initiate a tender offer to acquire all outstanding shares of Zogenix for a purchase price of US$ 26.00 per share in cash, plus one non-tradeable CVR. The CVR will entitle holders to an additional cash payment of US$ 2.00 per share if a regulatory milestone related to approval of FINTEPLA® for treatment of seizures associated with Lennox-Gastaut syndrome (LGS) is achieved by or before December 31, 2023. The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of Zogenix's outstanding shares, receipt of required antitrust clearances, and other customary conditions. Upon the successful completion of the tender offer, UCB's acquisition subsidiary will be merged into Zogenix, and any remaining shares of common stock of Zogenix will be cancelled and converted into the right to receive the same consideration per share offered in the tender offer. The transaction is expected to close by the end of the second quarter of 2022. There can be no assurance any payments will be made with respect to the CVR.

Financing and Guidance

The acquisition of Zogenix will be financed by a combination of available cash resources and a new term loan. The transaction is not subject to any financing condition. In addition to contributing to UCB's revenue growth after closing, the acquisition of Zogenix is expected to be accretive to UCB's earnings from 2023 onwards.

Advisors

Lazard and Barclays are acting as financial advisors to UCB in relation to the transaction. Covington & Burling LLP is acting as legal advisor to UCB on this transaction.

BofA Securities and SVB Leerink are acting as financial advisors to Zogenix on this transaction. Latham & Watkins LLP is acting as legal advisor to Zogenix on this transaction.

24.     On February 1, 2022, defendants filed the Recommendation Statement, which fails

to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

25.     The Recommendation Statement fails to disclose material information regarding Zogenix's financial projections, specifically the line items underlying the financial projections.

<u>Financial Analyses</u>

26.     The Recommendation Statement fails to disclose material information regarding the financial analyses conducted by BofA Securities ("BofA") and SVB Leerink LLC ("SVB Leerink").

27.     Regarding BofA's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the terminal values utilized by BofA; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by BofA; (iii) the net operating losses utilized by BofA; (iv) the net cash utilized by BofA; (v) the fully diluted shares utilized by BofA; and (vi) the projected free cash flows utilized by BofA.

28.     Regarding BofA's Present Value of Wall Street Analysts Price Targets Analysis, the Recommendation Statement fails to disclose: (i) the price targets utilized by BofA; and (ii) the sources of the price targets utilized by BofA.

29.     Regarding BofA's Premia Calculations Analysis, the Recommendation Statement fails to disclose: (i) the transactions utilized by BofA; and (ii) the premia paid in the transactions utilized by BofA.

30.     Regarding SVB Leerink's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the terminal values utilized by SVB Leerink; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by SVB Leerink; (iii) the net operating losses utilized by SVB Leerink; (iv) the fully diluted shares utilized by SVB Leerink; and (v) the projected free cash flows utilized by SVB Leerink.

31.    Regarding SVB Leerink's Selected Precedent Transaction Analysis, the Recommendation Statement fails to disclose: (i) the closing dates of the transactions utilized by SVB Leerink; and (ii) the total values of the transactions utilized by SVB Leerink.

32.    Regarding SVB Leerink's analysis of price targets, the Recommendation Statement fails to disclose: (i) the price targets utilized by SVB Leerink; and (ii) the sources of the price targets utilized by SVB Leerink.

33.    Regarding SVB Leerink's premia paid analysis, the Recommendation Statement fails to disclose: (i) the transactions utilized by SVB Leerink and (ii) the premia paid in the transactions utilized by SVB Leerink.

## COUNT I

### Claim Against Defendants for Violation of Section 14(e) of the Exchange Act

34.    Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

35.    Section 14(e) of the Exchange Act states:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

36.    Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

37.    The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

38.     The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

39.     By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

40.     The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

41.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

42.     Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

43.     Accordingly, defendants violated Section 14(e) of the Exchange Act.

44.     Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

### Claim Against Defendants for Violation of 14(d) of the Exchange Act

45.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

46.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

47.     Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

48.     Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

49.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

50.     Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

51.     The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

52.     Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

53.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

54.     The Individual Defendants acted as controlling persons of Zogenix within the meaning of Section 20(a) of the Exchange Act as alleged herein.

55.     Due to their positions as directors of Zogenix and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

58.     The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly connected with and involved in the making of the Recommendation Statement.

59.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

60.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

61.     Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

62.     Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A.     Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  February 10, 2022                    **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*